**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
(Tallahassee Division)**

Case No.: _____

NELSON WOLFE and
JANET WOLFE,

    Plaintiffs,

v.

NATIONAL SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____ /

Removed from Circuit Court
of Franklin County, Florida
Case No: 2019-CA-000305

**DEFENDANT'S NOTICE OF REMOVAL UNDER
DIVERSITY OF CITIZENSHIP JURISDICTION
28 USC § 1441 and 28 USC §1332**

Defendant National Specialty Insurance Company ("NSIC"), by and through its undersigned counsel, hereby gives notice, pursuant to §28 U.S.C. 1441 and 28 § U.S.C. 1332, of the removal of this action from the Circuit Court of the Second Judicial Circuit in and for Franklin County, Florida, said case bearing Case Number 2019-CA-000305, to the United States District

1

Court for the Northern District of Florida (Tallahassee Division) based on the following:

1. On or about October 23, 2019, Plaintiffs filed a Complaint against Defendant in the Circuit Court of Franklin County, Florida. That Complaint was served on Defendant on October 23, 2019.

2. The Complaint does not allege the citizenship of Defendant. *See Exhibit A, Complaint.*

3. Defendant is a Texas corporation with its principal place of business in Texas.

4. The Complaint does not allege the citizenship of the Plaintiffs. *See Exhibit A*.

5. On or about February 25, 2020, Defendant filed its First Request for Admissions upon Plaintiffs stating in the first Request, "Please admit that you are a citizen of, and domiciled in, the State of Florida. For the purposes of this request, the term domiciled is defined as the term used in the opinion in *Travaglio v. Am. Express Co.,* 735 F.3d 1266, 1269 (11th Cir. 2013)." *See Exhibit B* at ¶ 1 and *Exhibit C* at ¶ 1.

6. On March 26, 2020, Plaintiffs served their Responses to Request for Admissions (erroneously entitled Response to Request to Produce), each

denying Defendant's Request for Admission Number 1, stating: "Denied; Plaintiff is domiciled in the state of Georgia at 125 Coventry Rd., Athens, GA 30605." *See Exhibit D, Response to Request for Admission* ¶ 1.

7.     Plaintiffs' Complaint contains a single claim for breach of contract against Defendant for damages arising out of certain losses to the Plaintiffs' property located at 1108 E Gulf Beach Drive, St. George Island, Florida, as a result of sudden and accidental wind and water damage on or about October 10, 2018. *See Exhibit A at* ¶ 2.

8.     In the Complaint, Plaintiffs allege damages greater than $15,000.00, which, at the time, was sufficient to allege jurisdiction in Florida circuit court, but insufficient to support diversity jurisdiction. *See Exhibit A at* ¶ 1.

9.     On January 14, 2020, Defendant served its First Request to Produce upon Plaintiffs, seeking information regarding Plaintiffs' claim for damages. *See Exhibit E.*

10.    On February 21, 2020, Plaintiffs served their Response to Request to Produce, producing an estimate for repairs to the dwelling in the amount of One Hundred Sixteen Thousand Twenty and Sixty-Five Cents ($116,020.65). *See Exhibit F.*

11. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

12. 28 U.S.C. § 1332(c)(1) provides in pertinent part that a corporation shall be deemed a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

13. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

14. Plaintiffs seek damages to property located in Franklin County, Florida. *See Exhibit A.*

15. Plaintiffs have now admitted that they are domiciled in the State of Georgia. Defendant is a Texas corporation with its principal place of business in Texas. Therefore, the citizenship of Plaintiffs and Defendant are diverse.

16. Plaintiffs' discovery documents constitute an "other paper" supporting jurisdiction under 28 U.S.C. §§ 1446(b)(3).

17. As stated by one federal district court:

> The removal procedure statute, 28 U.S.C. § 1446, contemplates two ways that a case may be removed based on diversity jurisdiction. The first way (formerly referred to as "first paragraph removals") involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. *See* 28 U.S.C. § 1446(b)(1) (2012). The second way (formerly referred to as "second paragraph removals") contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012)(emphasis added). The recently revised version of the removal procedure statute expressly clarifies that discovery responses, such as those presented by Wal-Mart in the instant case, can constitute "other paper" from which diversity jurisdiction can be established. *Id.* at § 1446(c)(3)(A) (2012) ("**If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)**.")

*Griffith v. Wal-Mart Stores E., L.P.*, 884 F. Supp. 2d 1218, 1223-24 (N.D. Ala. 2012) (Emphasis added).

18. Through their discovery responses, Plaintiffs' have demonstrated that the amount in controversy is greater than Seventy-Five Thousand Dollars and Zero Cents ($75,000.00). *See Exhibit F.*

5

19. Through their Responses to Requests for Admissions, Plaintiffs have demonstrated that they are not citizens of the State of Texas.

20. Defendant has removed the state court action within thirty (30) days of receiving an "other paper" following the filing of the original Complaint which establishes that both of the two elements necessary for diversity jurisdiction have been met.

21. Based on the foregoing, this matter is subject to the original jurisdiction of this Court under 28 U.S.C. § 1332, and this cause may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

22. A complete copy of all process, pleadings, and orders in the Circuit Court of Franklin County, Florida in Case Number 2019-CA-000305, as required by 28 U.S.C. § 1446(a) is attached hereto as *Exhibit G*, "Index of Record."

23. In compliance with 28 U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Franklin County, Florida, a copy of which is attached to this Notice of Removal as *Exhibit H*.

WHEREFORE, Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Northern District of Florida (Tallahassee Division).

Dated: April 24, 2020               Respectfully submitted,

                            By:    /s/ *Brian P. Henry*
                                 Brian P. Henry, Esq. (FBN 89069)
                                 ROLFES HENRY CO., LPA
                                 5577 Broadcast Court
                                 Sarasota, Florida  34240
                                 T:  (941) 684-0100
                                 F:  (941) 684-0109
                                 E:     bhenry@rolfeshenry.com
                                            meastman@rolfeshenry.com

                                 *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 24th day of April, 2020:

Ryan T. Jaghab, Esq.
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, Florida  32202-5413
P:  (904) 398-2722
F:  (904) 361-7200
E:  rjaghab@forthepeople.com
    rjpleadings@forthepeople.com
    melissacruz@forthepeople.com

*Attorneys for Plaintiffs*

                                        /s/ *Brian P. Henry*
                                        Brian P. Henry, Esq. (Fla. Bar No. 89069)